First, please stand when ready. May it please the court, Daniel Habib, Federal Defenders of New York, on behalf of Daryl Robinson. The district court imposed an onerous special condition of supervised release authorizing the search of all Mr. Robinson's electronic devices for the three-year term of supervision based on the following statement. Quote, certainly the special condition of search is obviously indicated here. That single statement fell short of complying with the requirements imposed by this court's precedents on several scores. First, the court failed to orally impose the condition as required by Rule 43. Second, the court failed to make the individualized assessment supported by facts particular to Mr. Robinson that the condition was reasonably related. The condition that was ultimately imposed was in fact spelled out in the presentence report. That's true, Your Honor. However, this court has never held that the mere reference to conditions set forth in a PSR satisfies the oral imposition requirement. And here, Judge Block not only failed to articulate the condition, he actually failed even to reference the presentence report. In addition, as I was saying, the court failed altogether to What was he referencing? What was he referencing when he said the search condition is obviously The court simply said the search condition, and there was no reason to believe in this case, and this relates to our substantive point, in this case, which did not involve the use of electronic devices, for this defendant, none of whose prior offenses involved the use of electronic devices, there was no reason for counsel to believe that an electronic search condition would be part of the search condition. Except that it was in the PSR, right? And the defense counsel and the defendant had access to that condition. It is true. However, it's also true that in both Washington and Rosado, this court struck components of special conditions of supervision that had been included in PSRs and were unobjected to. In addition, it's clear from defense counsel's Here the court said the search condition is obviously called for. What would counsel, what would be understood the court to have been referring to other than the search condition that has been, that was set forth in the pre-sentence report? So it's, as I was explaining, given the nature of this case and the history and characteristics of this defendant, it would not have been, in the language this court has used as necessary and foreseeable, it would not have been necessary and foreseeable that an electronic component of the search would be imposed. Indeed, counsel's motion to correct the judgment reflects that counsel did not, in fact, understand the judge to have been. My question is when the court was referring to the search condition as opposed to a search condition, he's referring to a specific thing. And I'm saying what would that be understood to refer to other than the search condition that had been set forth in the pre-sentence report? I understand you. Or if he had simply said this case calls for a search condition, that would be a different kind of a thing for the reasons you were saying. But he's talking about a specific one which, by the nature of his question, he assumes that the participants are aware of. So that's, I take your Honor's point. I think what I would say is that it's not meaningfully different from the situation in Washington where there was a reference to sex offender treatment program. And it's not meaningfully different from the situation in Rosado where there was a paraphrase of conditions that had been included in the pre-sentence report. If the error that this court identified necessitating vacater of the condition in both cases was the failure to spell out the full components of the condition. But let me pivot to the substance of the condition. And here I think we have very clear failure to comply with the requirements set forth in Sims and in a number of cases concerning the need for an individualized assessment supported by facts particular to this defendant that the search condition is reasonably related to the statutory factors and involves no greater deprivation of liberty than necessary. I think it's undisputed that that analysis was simply not undertaken. And even in this posture where the condition was not objected to, this court has several times recognized that this type of error under the relaxed plain error standard necessitates at a minimum remand for the district court to comply with those procedural requirements. I do want to emphasize that this is not a technical condition. This is an invasive condition that exposes the entirety of Mr. Robinson's digital life to search for a three-year period. The Supreme Court said ten years ago in Riley, and it is exponentially truer today, that the search of a phone exposes the person searched to invasion of far more than would be occasioned by the search of a home. That's his emails, his text messages, his photos, his web searches, his geolocation information. Given the extraordinary nature of that intrusion, it is not asking too much, and it is required by this court's precedence for the court to explain why that condition was necessary as to a person who is never alleged to have used an electronic device to commit a crime. The government cites no case where this court has affirmed such a condition absent such a nexus to the offense of conviction or to any of the defendant's prior offenses. And indeed, this court has repeatedly rejected such conditions, including in Jimenez, which is cited in the government's response brief, as well as Frank, which is cited in Mr. Robinson's opening brief. Isn't it pretty clear that the district court was concerned with recidivism and ongoing criminality while on supervised release? I don't think it's clear that that was the basis for the imposition of the condition. No, because the district court didn't explain why it was imposing the condition. Well, I guess I'm thinking, I mean, I hear your point that electronic search conditions are intrusive. There's a wealth of information on a cell phone. But at the same time, that means there's generally, if there's reasonable suspicion, evidence of such violations, right? I'm not sure I think there needs to be a nexus in the defendant's past to crimes committed on electronic devices or the use of such devices in the crime to make it reasonable to think, well, supervision will be facilitated if on an appropriate basis there are access to devices. So I will reiterate that the government hasn't cited, and I haven't identified a case where this court has affirmed such a condition absent that nexus. But to Your Honor's point, if the rationale is deterrence generally, then I think it implicates the concern that Judge Nathan was raising in the previous argument, which is what happens when a condition is justified on the basis of a rationale that is applicable to virtually any supervisee. If that's the case, or if that's, in fact, not the justification given by the district court, but the one being posited in this court, if that's the case, then the rationale Which we do if we, under our review here, we look to determine whether there's a reason apparent on the record. The analysis is the reason for the condition self-evident in the record. But not only must the reason be self-evident, but it must also be self-evident that the reason is sufficiently supported by an individualized assessment based on particular facts. Does it matter that this defendant, by the age of 30, had nine criminal convictions? Does that distinguish him from any supervisee? I think, yes, Mr. Robinson has a significant criminal history. We acknowledge that. However, it's also the case that throughout that criminal history, there is no evidence that electronic devices were used to commit any of those crimes. Isn't there a kind of a sliding scale that, in terms of dangerousness, a person who, at the age of 30, has nine criminal convictions, is somebody who really needs to be worried about? And this conviction has to do with dangerous weapons. There's a greater need to be worried about somebody who has this number of convictions, who simply doesn't conform his life to the law. So a few responses, Judge LaValle. First, the defendant in Jimenez, a summary order from earlier this year in which this condition was vacated, also had a significant criminal history. I believe he had seven prior criminal convictions, and this instant offense involved the use of a firearm in a street shooting. So it is not the case that a poor criminal history or a history of recidivism dispenses with the need for an individualized assessment, particular to any defendant. In addition, the probation department, by virtue of the unchallenged conditions of supervision, has a wealth of tools that are available to monitor Mr. Robinson's compliance, including home visits, reporting, physical searches, including searches of the spaces that were used to commit this crime, for example, his vehicle. What's absent in this record is something about Mr. Robinson's relationship with electronic devices in particular that would justify the extraordinary invasion of his privacy that accompanies this condition. That's the explanation, the individualized explanation that's required by this Court's precedents and simply wasn't provided here. May it please the Court, my name is Sean Fearn for the government. This Court should affirm the imposition of the electronic search condition of supervised release, particularly under the prism of plain error review for three reasons. First, in light of footnote two of her residual,     the search condition was properly announced at sentencing. Unlike Rosado, there is no confusion as to which special condition of supervised release the Court was imposing here. There was only one condition in the PSR, and that was the search condition that Judge Block below referenced when he said that certainly the search condition was warranted in this case. And again, plain error review applies here because first, the PSR was unobjected to. The defense counsel did not object when the court below adopted the PSR whole cloth. And third, there was no objection when Judge Block indicated that certainly the search condition is warranted here. Defense counsel was on notice, Mr. Robinson was on notice that that search condition was being contemplated and that it was properly imposed at sentencing. This is not a case like Rosado where there were multiple conditions at issue and it was unclear which conditions were applying and what the contours of those specific conditions were that were to be imposed at judgment. It was only after judgment was imposed that defense counsel ultimately objected, and that objection was waived. Second, the rationale for imposing the search condition was self-evident from this record. The defendant, by the time he was 30, had 10 convictions, including this case. He was a recidivist. He committed the instant offense under post-trial supervision. The nature of this offense was that the defendant traveled from South Carolina to New York to facilitate a gun transaction in which undoubtedly electronic devices were used to communicate with the purchaser and to facilitate his travel from South Carolina to New York. In addition, most of his convictions below, nine convictions, involved co-conspirators and firearms. It is undoubtedly in today's world of Internet communications that electronic devices were used to facilitate those crimes. So obvious that Judge Block indicated that obviously the special condition of search is certainly warranted here. That was a problem. You say that plain error applies. Your adversary has argued that it doesn't apply. Do you want to comment on your adversary's arguments as to why plain error does or doesn't apply? Yes, Your Honor. Mr. Robinson had three opportunities to object to the imposition of this search condition. He did not object three times and waived his objection. It wasn't until the written sentence was imposed. It was too late at that point to raise the objection. And this court has found... You mean too late to raise it without plain error? Without plain error, yes, Your Honor. I would also say that this is not a case like Sims, which Mr. Habib referenced. In Sims, there was no basis from the court's record in that case to impose a non-association condition. This is not a non-association condition. This is a limited search condition that is premised only upon reasonable suspicion. And in fact, the government believes that Sims is supportive of the government's position in this case because in that case, the court did a deep dive into the defendant's criminal history and looked for gang ties. There was no evidence that there were any gang ties in Sims's case that would warrant the imposition of a special condition of non-association. However, in this case, Judge Block clearly indicated, based on the colloquy that preceded the imposition of the special conditions, that he was concerned about this defendant's nature of his criminal past. Again, 10 convictions before he turned 30. Isn't it correct that in the sentencing proceeding, the court said something to the effect that it would follow the pre-sentence report? Yes, Your Honor. Judge Block adopted and said that he would follow the pre-sentence report. And all parties were on notice, and there were no objections filed to the pre-sentence report. So it's not just that the recommended condition was in the pre-sentence report, but at the sentencing proceeding, in the presence of the defendant, the judge said, I'm going to follow the pre-sentence report. He said it in a general way, not pointing directly to this provision, but did indicate an intention to do what the pre-sentence report recommended. That's correct, Your Honor. And the special condition of supervised release that was recommended in the pre-sentence report matched verbatim the special condition of supervised release that was in the written judgments. There's not a question about whether there was confusion or whether some conditions were imposed or not. In this case, they were identical. Can I ask on the self-evident in the record, I think this is the right record I'm thinking of, but I'm not sure you've noted this fact, so I want to get your reaction to it. I think Mr. Robinson gave a post-arrest statement in which he denied knowledge of the weapons. That's not this case, Your Honor. Not this case, okay. In this case, and you can correct my memory of the record if it's incorrect, but there was no reference by the judge, however, to the need particularly for electronic search, so the judge expressed general concern about the recidivism, but he didn't, and I know you're saying, oh, gosh, there was undoubtedly evidence to be found on the electronic devices of the trip from South Carolina to New York, but that's not something that the judge gave us, so in terms of the judge making an individualized finding, there's not really much in the way of a nexus between the devices and the decision to anything specific to this case. No, Your Honor, I believe, again, it would be self-evident from the defendant's record, his criminal history, the nature of the offense. Judge Block indicated that certainly the special condition of search, which I take to mean the special condition of search as outlined in the pre-sentence report, which encompassed not just his home and his papers, the defendant's home and his papers, but also his electronic devices was appropriate, not just in general, but also as a means to guard against violations of other, to guard against potential violations of his supervised release and enforce those aspects, because as I indicated earlier, one troubling aspect of this case was that the defendant committed the incident offense while under post-release supervision. I'm going to go for a moment, Mr. Firm. Paragraph 5 of the pre-sentence report says in a post-arrest statement the defendant reported that he did not know where the firearms in the trunk of the vehicle he was driving came from, nor did he know they were there, and he denied coming into contact with any firearms on his trip from South Carolina to New York. I gather by your answer you're not relying on this, but it struck me that that was a fact in the record that might additionally support, as a self-evident matter, the imposition of a search condition. Yes, Your Honor. I think you can still rely on it. Yeah. Now that your recollection has been refreshed. Yes, thank you, Your Honor. Mr. Habeeb made reference to a case, I think Jimenez was the name of the case, in which our court set aside rather similar, the imposition of such a condition on rather similar circumstances where the defendant had seven prior convictions. Did I get that right? What about that? I think, Your Honor, this case is unique because there's no necessarily a bright-line test for how many convictions is warranted before it's self-evident from the record. I don't think the government is proffering. Are you familiar with that case? Yes, Your Honor. So what does it say to us here? That case is cited in the appellant's brief? Any of that, what about that case? I think that case, again, is supportive of the government's proposed remedy. If this court finds that the individualized assessment was not self-evident in the record, the proper remedy is to remand back to the district court for further proceedings and further factual development. I would just reiterate, too, that given the nature of this defendant's offense, the number of convictions and the nature of the travel from South Carolina up to New York, in addition to his prior convictions with deal with multiple co-conspirators and facilitating and planning of crimes, it would be appropriate in this case and self-evident in this case that the search condition of his electronic devices is necessary. Let me go back to my question about Jiménez. What about that case? Your adversary, Mr. Habeeb, implied that that case was somehow a precedent that should push us to require a remand and set aside this condition. What did you say in response to that? I'm looking for the case, Your Honor. One second. You're talking about the summary order, right? Yes. Is it a summary order? Yes. Thank you. And I think it's right that it's not cited in Mr. Habeeb's brief. But it is cited in your brief. That's right, Your Honor. And the conclusion of the court was that it was not self-evident from the record how the scope, the search condition of one of the conclusions, how the condition related to the circumstances of Mr. Jiménez. Yes, Your Honor. If this court agrees that it's not self-evident from this record, then yes, the government would agree that the remedy should be to remand for further elucidation. If there are no other questions, thank you, Your Honors. We'll hear rebuttal. Thank you. For clarity, the Jiménez decision, Judge Nathan, is a summary order. However, this court has said that denying summary order's precedential effect does not mean that the court considers itself free to rule differently in similar cases. Judge LaValle, just for clarity, the citation is 2024 West Law. I've got it. You have it, thank you. And it's cited in the government's response brief. We do believe that Jiménez is closely analogous to the situation in that there was a defendant who had a poor record, including a record of recidivism, including with respect to violent crimes. Nonetheless, due to the lack of a nexus between the offense of conviction, which was also a felon in possession offense in Jiménez, and the search condition, this court directed the district court on remand to revisit the condition, citing another summary order of this court, Griffin, in which this court had expressed puzzlement as to the relationship between the condition and the facts of the offense. Was it plain error review? It was. Can I add the electronic tie specifically? I feel like if a district court articulated that some past crime involved electronic search, therefore it's justified, someone from your office would say, well, nowadays everybody uses electronic devices for everything, so that's too broad. But you seem to accept that that would be sufficient. Is that right? Well, I think this case doesn't present that question because there isn't such evidence with respect to any of Mr. Robinson's prior crimes. I think it's difficult to articulate categorical rules in this context that a condition of this nature is always appropriate, as Your Honor was alluding to in the previous argument. What's required is... Well, I suppose to make it parallel, if the district court had articulated, obviously not the posture we're in, but the things that we've pointed to as a potential basis for being self-evident on the record, even if they would apply in every case, every relevant comparable case, why isn't that enough? I mean, it feels a bit like a kind of whack-a-mole that we're requiring of district courts. Articulate something, but if you articulate something that would be true for everybody, then that's not sufficient, even if it would be true for everybody. So what the district court articulated was precisely nothing. The district court did not give reasons for the imposition of this condition, and certainly not for the electronic search component of the condition. So we're not in a posture where we're fly-specking the district court's reasoning or looking to pick off particular rationales. We simply have a case where there hasn't been any rationale tendered, period. So on remand, the district court can make the findings it deems appropriate and perform the analysis that's required by precedent, which is to connect those particularized findings to the individualized assessment of Mr. Robinson and the need for this condition to advance the statutory purposes and also to minimize the degree of intrusion that's necessary. Did the district court rely on the fact that I noted that your client expressed, said that he didn't know about the weapons and there weren't, he wasn't aware of them and he didn't own them? I mean, that seems like a basis that I might have relied on in imposing a search condition. So the court didn't rely on that fact or any other in the record. That said, it's in the pre-sentence report, and I think if the court, if this court were to remand for Judge Block to provide reasons for the condition, the parties could debate the relevance of that condition. Could that be relied on as a basis? Well, it's in the pre-sentence report, so it could be in that, but may I? No, no. Procedurally, I mean, would that provide grounds for imposition of the search? Forgive me, Your Honor, but on what basis? Well, if someone's honest about things, you don't need to do additional searching. If they're dishonest, that's reason to have to search. So it's absolutely the case. So a couple of responses to that. Again, I don't see the nexus between dishonesty writ large, and by the way, that's... It's not writ large about the specific items. Right. So it is the case that Mr. Robinson ultimately pleaded guilty and accepted responsibility, and there was no suggestion that an enhancement for obstruction be imposed. So I think the facts and circumstances of this particular post-arrest interview were not fully fleshed out. Putting all that aside, taking it as true, I would say, addressing a district court on this point, I would say that there has still got to be some nexus between the precise search condition, the electronic search condition, and the statutory sentencing objectives. And the fact that the defendant lies in a post-arrest statement, with respect, I do not think is sufficient to open up the entirety of his life. And again, I know Chief Judge Livingston has taken the point, but the search condition here, and this is really why the defense bar is pushing and our office is pushing these electronic search cases, is extraordinarily invasive. It's not just can the probation officer verify what you're saying about the guns that were in the trunk of your car. It's can the probation officer look at every text you've ever sent, every photo you've ever taken, every Google search you've ever done, every place you've ever been, and every e-mail you've ever sent. Doesn't the search condition tie in, to get my eyes on the condition, but I thought it was, right, reasonable suspicion exists that the defendant has violated a condition of supervision, and the areas to be searched contain evidence of this violation. That is true. That is what the condition provides. Two responses. One is that the trigger is just a violation of any condition, no matter how technical. So that can be leaving the jurisdiction. That can be failing to work 30 hours a week. That can be late for an appointment with your probation officer. But that's partly just in the nature of supervision. I mean, I take your argument, but it really comes down to electronic. The digital world is just completely different. Because, for instance, reasonable suspicion allows the search of the home in this case, and in many cases. And you could say an intrusion into the home is deeply invasive, and we've never required a nexus. The defendant wouldn't have had to commit crimes in his home. We can just search his home, because that makes supervision more effective. So the counter to your argument is, the devices are really likely to contain evidence of violations of supervised release. I think my response, Chief Judge Levison, would be that Riley tells us that this search is far more invasive than the search of a home. And, Judge Nathan, to come to your point about the requirement that the place to be searched have evidence of a violation, as my colleague said in her brief, I don't think that limitation is doing a lot of work. Because if the violation is left the jurisdiction, what does that open up? That's your geolocation information. That's your text to see who you're going to see when you left the jurisdiction. That's your photos to see if you took any photos at the places where you were not supposed to be. That's your e-mails to see if you communicated with anybody. That's your phone logs. It's just not doing a ton of work, because what we do is documented so thoroughly and so comprehensively in our electronic devices. And that is really the substantive point I want to urge to this Court. Why does the circumstance that Judge Nathan has been asking you about, about the false statements with respect to the guns, why doesn't that affect the issue of plain error? Why doesn't that affect the issue of whether upholding the condition in this circumstance would not be a miscarriage of justice? Well, I do want to, if I could first, Judge LaValle, address the standard of review. So in our view, this plain error review does not apply. First of all, in Washington, this Court did not review the compliance or the sort of conformity between the oral... That's a mismatch argument. So if we disagree with you on that and just say there's no articulated reason, then we're in plain error. So I would push back on that, Judge Nathan, for two reasons. One, we did object to the condition in the motion to correct the judgment, and that's at A111. We said we object to the electronic search condition. And this Court has said, and if you'll indulge a citation that's not in the brief, but this Court said, for example, in Everytown, which is 984 F3rd 3038 Note 4, 2nd Circuit 2020, that once an objection has been raised in the district court, on appeal the appellant is permitted to press any argument in support of the claim. So the objection was made below. I mean, I think that's going to have to go both ways, right? I think if that's the rule for preservation of objection, then that would mean if a written judgment comes out and no objection has been made, even if it wasn't articulated at sentencing, then you're looking at plain error review on appeal. Do I have that right? I mean, is that what you're saying, that you have until notice of appeal is filed to make your objections in order to get out of plain error review? That's got to go both ways. So, no, let me try to clarify. Stay out of that? No, no. So we don't. A couple of things, but let me say this. First of all, the precise point that I'm making is that is one that pertains to the applicable standard of review. And my point is once you have objected in the district court to a ruling, and in this case it's the imposition of the special condition, you are permitted, subject to de novo rather than plain error review on appeal, to press additional arguments other than the ones made below. That's my point, and I do think that's supported by the Evertown case. Your Honor's question. Evertown was not a criminal case. No, Your Honor. That just happens. In Evertown, I could have adduced a different citation. That's the one I happen to have. No one is saying you're not allowed to raise it on appeal. The question we're discussing is not whether you can raise it on appeal. The question is whether the standard of review is de novo or plain error. And so in Evertown, that case sort of reviews de novo. I agree, it's not a criminal case. Evertown reviews de novo despite the fact that the argument advanced on appeal differed from the argument advanced in the district court on the rationale that objection had been made. And they cite, for example, the Supreme Court's decision in Yee v. City of Escondido for the analogous proposition that once a claim is properly presented, additional arguments can be advanced on appeal. But to come back to your point, Your Honor, the question is, you know, it's not just a question of we objected. We objected when the judgment came out. And as I think counsel below made clear when she filed her motion to correct the judgment, she had not anticipated that the condition would be as it was, that it would take the form that it did in the judgment. And so in that sense, the written judgment was her first opportunity to object. But I think it's analogous to— Well, I mean, except for it being in the PSR. Well, I— I don't think you're really— that means that any time someone sees the written judgment, they have an opportunity to object, even if it's the first time it appears there. That would certainly solve a lot of these cases that are going back and forth to the district court. I'm not sure that's the rule, but it seems to me it's the necessary corollary of you asking in this context for us to apply de novo. So I actually think this court's decision— there's a 2010 decision from this court, Green, and I don't have the F-third citation off the top of my head, but Green says that where a supervised release condition appears in the written judgment for the first time, you can object after the entry of the written judgment and subject to de novo review. I know I'm over, but if the court would just give me a minute. You haven't gotten back to answering my question. No, please, Your Honor. I apologize. My question was, if we find that plain error review applies, why doesn't the circumstance of lying about the guns in the trunk of a car, why doesn't that affect the calculus of whether this was a miscarriage of justice as it pertains to plain error review and distinguish this case perhaps from humanness? So, okay. So I would say even if plain error review applies, I think it would be at most relaxed plain error review that this court has applied to sentencing claims. In particular, in this court's 2020 decision in Haverkamp, which, again, I apologize I don't have the citation, but in Haverkamp this court reviewed an unpreserved challenge to a supervised release condition for relaxed plain error, so that would at the most be the standard. That doesn't require showing of a miscarriage of justice. Obviously the court knows the plain error prongs. But as to the substantive point, I would still say that the fact of a lie on one occasion in a post-arrest statement could be some evidence in support of a condition of this nature. It could be part of the calculus. I don't think on the facts of this case where neither the instant offense nor any of Mr. Robinson's prior offenses involved the use of electronic devices, that the intrusion worked by that condition would be sufficient. The information that could be gleaned by the probation officer through that condition would be sufficient to justify the extraordinary intrusion on constitutional privacy that would take place. But again, that is a question for Judge Block in the first instance. And if this court were to remand for Judge Block to— Well, not whether the standards of plain error apply. No, of course not. That's a question for us. Of course. The question that I think both Your Honor and Judge Nathan have been raising, which is the relevance of the post-arrest statement to this specific condition, is something that the district judge could resolve in the first instance were this court to remand for the court to provide the explanation and the individualized assessment required by this court's precedence. Thank you, Your Honors. I should have mentioned if any of these— if the court would like a letter with any of these citations, I'm happy to put it in. I think we can find out. Okay, thanks. Thank you both, and we'll take the matter under advisement. Nicely argued. Thank you.